Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| COLEGIO DE PERITOS ELECTRICISTAS DE PUERTO RICO, representado por su Presidenta Frances T. Berríos Meléndez<br><br>Apelante<br><br>v.<br><br>FUNDADOR ROSARIO CORTÉS Y OTROS | KLAN202300905 | Apelación Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.: SJ2023CV00662<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

Comparece el Colegio de Peritos Electricistas de Puerto Rico, representado por su presidenta, Frances T. Berríos Meléndez (en adelante el Colegio o la parte apelante), mediante un recurso de *Apelación* presentado el 12 de octubre de 2023. En este, nos solicitan la revocación de la *Sentencia* emitida y notificada el 6 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala de San Juan (en adelante TPI o foro primario). Mediante el aludido dictamen, el TPI declaró *Ha Lugar* una *Moción de Sentencia Sumaria* presentada por Fundador Rosario Cortés y otros (en adelante Rosario Cortés o los apelados). En consecuencia, desestimó la causa de acción y le ordenó al Colegio y a su representación legal, a que, de forma solidaria, pagaran la suma de $10,000.00 en concepto de honorarios de abogados en favor de la parte demandada de epígrafe.

Evaluado el expediente ante nuestra consideración, por los fundamentos que a continuación expondremos, **confirmamos** la *Sentencia* apelada. Veamos.

Número Identificador

SEN2023 _____

**-I-**

El caso de epígrafe inició, el 25 de enero de 2023, con una *Demanda* instada por el Colegio sobre cobro de dinero contra Fundador Rosario Cortés, Orlando Colón Negrón y Noel Ramírez Rivera (en adelante, los apelados). [1] En síntesis, el Colegio solicitó que el TPI tomara conocimiento judicial sobre el caso *Fundador Rosario Cortés y otros v. Colegio de Peritos Electricistas,* Civil SJ2022CV04800 (en adelante caso civil SJ2022CV04800) y adujo que la misma fue frívola y temeraria, causándole gastos innecesarios en representación legal. Por ello, el Colegio sostuvo que su Junta de Gobierno, en uso de su facultad disciplinaria, decidió requerir el reembolso de $3,800.00 contra los apelados a modo de sanción y, en ausencia de pago, solicitó al TPI que les ordenara: (1) el pago requerido de $3,8000.00; (2) el pago de $1,500.00 por honorarios de abogados y (3) el pago sobre las costas y gastos legales incurridos en la causa de acción de cobro de dinero.

Consecuentemente, los apelados presentaron el 8 de marzo de 2023 una *Solicitud de Sentencia Sumaria* mediante la cual alegaron que el TPI carecía de jurisdicción para atender un asunto final y firme, adjudicado en el caso civil SJ2022CV04800.[2] Así las cosas, el Colegio presentó su *Escrito en Cumplimiento de Orden y en Oposición a Solicitud de Sentencia Sumaria*[3] en el cual argumentó lo siguiente: (1) que su solicitud es relacionada a los gastos <u>legales</u> incurridos en el caso civil SJ2022CV04800; (2) que no solicitó las costas del caso civil SJ2022CV04800 y (3) que tampoco solicitó la imposición de honorarios de abogados por el caso SJ2022CV04800. Además, el Colegio afirmó lo que sigue:

> Antes de concluir, el Colegio interesa exponer y rebatir una afirmación de los codemandados. Indican en la página 10, párrafo 3, que "el 2 de agosto de 2022 el TPI en ese caso resolvió que la parte ganadora había sido los demandantes del caso civil SJ2022CV04800". No aportan ninguna prueba de esa afirmación. Sabemos por qué. Porque no es cierta. Véase SUMAC, entradas 49 y 50 de 2 de agosto de 2022. Allí no se resuelve ni se dice que los

---

[1] Apéndice del apelante, Anejo 1, págs. 1 – 11.
[2] Apéndice del apelante, Anejo 2, págs. 12 – 39.
[3] Apéndice del apelante, Anejo 4, págs. 41 – 51.

demandantes (aquí demandados) fueron la parte ganadora. Porque en las referidas entradas de Sumac el Tribunal les concedió término para que presentaran un memorando de costas (si[n] indicar si lo iba a aprobar o no), infieren que ganaron el caso. Se les olvida decir que, una vez sometido el memorando de costas el Tribunal lo declaró No Ha Lugar. Esto se señala para ser consecuentes con la verdad, porque al fin y al cabo el hecho de que hubieran ganado o no, el hecho de que les hubieran concedido las costas o no, no son hechos operativos en este caso, porque aquí no se trata de recobrar aquellas costas nunca concedidas a ninguna de las dos partes. Los demandados de este caso no fueron la parte ganadora del caso SJ2022CV04800. El ganador fue el Colegio. [4]

Oportunamente, los apelados presentaron una *Réplica a "Escrito en Cumplimiento de Orden y en Oposición a Solicitud de Sentencia Sumaria"* donde argumentaron que: (1) la reclamación del Colegio es un ataque colateral de una determinación final y firme; (2) la reclamación del Colegio sobre gastos legales, en su carácter de agencia, es inconstitucional; y (3) la demanda sobre cobro de dinero es un subterfugio por el mero hecho de haber sido demandado en caso anterior.[5] Además, los apelados recurrieron al récord judicial para sostener que el pasado pleito fue resuelto a su favor; que el dictamen emitido en el mismo claramente ordenó la entrega de la auditoría forense solicitada y que el pago de las costas solicitadas a favor del Colegio era improcedente.[6]

Evaluadas las posiciones de las partes, el TPI emitió una *Sentencia* en la cual resolvió *Ha Lugar* la *Solicitud de Sentencia Sumaria*.[7] Específicamente, el foro primario determinó como a continuación transcribimos:

En este caso no existe controversia alguna de que la parte que prevaleció en **Fundador Rosario Cortés y Otros vs Colegio de Peritos Electricistas de Puerto Rico, por Conducto de Su Presidenta, Frances T. Berríos Meléndez**, SJ2022CV04800 fueron los aquí demandados, es decir, Fundador Rosario Cortés, Orlando Colón Negrón y Noel Ramírez Rivera. Así lo dictaminó el Tribunal en ese caso. De igual forma, a la solicitud de honorarios de abogados por temeridad y al memorando de costas del Colegio en el pleito civil SJ2022CV04800 fueron declaradas con No Ha Lugar. El Colegio pudo acudir en revisión judicial al Tribunal de Apelaciones y no lo hizo, por lo que ese dictamen advino final y firme. Esta determinación es concluyente en este pleito, dado que de los anejos de la Demanda surgen de que se cobraron $3,800 son los "gastos legales en honorarios de abogado" como consecuencia

---

[4] *Id.*, pág. 47.
[5] Apéndice del apelante, Anejo 5, págs. 52 – 62.
[6] *Id.*, págs. 60 - 61.
[7] Apéndice del apelante, Anejo 17, págs. 93 – 107.

del caso SJ2022CV04800. Por tal razón, la Demanda del Colegio carece de méritos y es desestimada.

Por el otro lado, los demandados solicitaron honorarios de abogado "por la conducta de la parte demandante de pretender inducir a error al Tribunal con información con una relación de hechos que se aleja de la verdad y que así consta del expediente judicial que es público". Hemos examinado detenidamente las mociones de las partes en este caso y en el pleito civil SJ2022CV04800 y determinamos que lo manifestado en este caso es sancionable por ser frívolo y temerario. […]

[…]

En este caso, se alegó afirmativamente por escrito, a pesar de que el abogado era el mismo en ambos pleitos, que el Colegio ganó en el pleito SJ2022CV04800. De igual forma, presentó una demanda frívola y temeraria porque intentó recobrar honorarios de abogado cuya determinación es final y firme y conocida por las partes y su abogado.

[…]

Por tal razón, se le impone la cantidad de $10,000.00 en concepto de honorarios de abogados como consecuencia de la conducta temeraria por parte del Colegio y de su representante legal, pagadera solidariamente por el Colegio [y] su abogado, al presentar una demanda frívola y por intentar inducir a error a este Tribunal al manifestar que el Colegio fue la parte que prevaleció en el pleito civil SJ2022CV04800 a pesar de esa expresión no es verdadera y era conocida por todas las partes y sus abogados en este caso.[8]

El 8 de septiembre de 2023, los apelados presentaron un *Memorando de Costas* donde reclamaron $180.00 por dos sellos de arancel de la primera comparecencia, es decir, $90.00 cada uno.[9] En desacuerdo, el Colegio presentó su *Oposición a Memorando de Costas* donde argumentó que era una reclamación prematura debido a que la determinación del TPI no era final y firme hasta tanto este Honorable Tribunal de Apelaciones se expresara al respecto.[10] Así las cosas, el TPI dictó una *Resolución* en la que aprobó el *Memorando de Costas* solicitado por los apelados. [11]

Por otra parte, el 20 de septiembre de 2023, se presentó una *Solicitud de Reconsideración y de Determinación de Hechos Adicionales* por parte del Colegio en la cual se adujo que: (1) la desestimación no se hizo conforme la política judicial sobre desestimación de casos; (2) las circunstancias del caso

---

[8] *Id.*, págs. 106 - 107.
[9] Apéndice del apelante, Anejo 18, págs. 108 – 110.
[10] Apéndice del apelante, Anejo 20, págs. 112 – 114.
[11] Apéndice del apelante, Anejo 22, págs. 116 – 117.

no ameritaba la determinación de temeridad ni la imposición de honorarios de abogados; (3) la cuantía de honorarios de abogado impuesta es improcedente, irrazonable y excesiva; y (4) la sentencia emitida por el TPI se trata de un proyecto de sentencia firmado sin el debido escrutinio judicial.[12] Habiéndosele concedido término para replicar tal escrito, el 22 de septiembre, los apelados se opusieron a esta moción. Ese mismo día, el TPI emitió una *Resolución* en la cual declaró *No Ha Lugar* la *Solicitud de Reconsideración y de Determinación de Hechos Adicionales* que presentó el Colegio.

Inconforme con ello, el Colegio presentó ante este Tribunal de Apelaciones el recurso de epígrafe en el que señala que el TPI cometió erró al: desestimar el caso mediante sentencia sumaria, determinar que el Colegio y su abogado incurrieron en temeridad e imponerles honorarios de abogado, abusar de su discreción al fijar una cuantía irrazonable y excesiva de $10,000 en concepto de honorarios de abogado, imponer solidariamente al Colegio y su abogado el pago de honorarios; y conceder las costas a los apelados.

Atendido el recurso, el 17 de octubre del año en curso, emitimos *Resolución* mediante la que le ordenamos a los apelados a someter su posición en cuanto al recurso en el término allí concedido. En cumplimiento, el 3 de noviembre de este año los apelados presentaron su *Oposición a apelación*. Así, con el beneficio de la comparecencia de las partes, damos por sometido el asunto y estando listos para resolver, así lo hacemos.

-II-

**-A-**

El mecanismo procesal de la sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil, 32 LPRA, Ap. V., R. 36, permite resolver los asuntos de aquellos litigios que no presentan controversias genuinas de

---

[12] Apéndice del apelante, Anejo 23, págs. 118 – 134.

hechos materiales y que, por consiguiente, no ameritan la celebración de un juicio. Cruz Velez v. CEE y otros, 206 DPR 694 (2021), al citar a Mejías et al. v. Carrasquillo et al., 185 DPR 288 (2012) y otros. Así pues, conforme la discutida regla, procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, más las declaraciones juradas y cualquier otra evidencia presentada se acredita la inexistencia de una controversia real y sustancial sobre algún hecho esencial y material. Deberá, también, justificarse por el derecho aplicable. *Id.*, mencionando a Bobé et al. v. UBS Financial Services, 198 DPR 6 (2017) y demás.

Por otro lado, la parte que se oponga a la moción de sentencia sumaria, deberá así hacerlo dentro del término de veinte (20) días desde su notificación, cumpliendo con los requisitos de ley. Así pues, deberá efectuar una exposición breve de las alegaciones, los asuntos litigiosos o en controversia. También, deberá hacer referencia a los párrafos enumerados por la parte promovente que entiende están en controversia y para cada uno, detallar la evidencia admisible que sostiene su impugnación. Véase, Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b); Cruz Vélez v. CEE y otros; *supra*; y SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 432 (2013). Las meras afirmaciones no bastan. Meléndez González et al. v. M. Cuebas, 193 DPR 100, 136 (2015) Esto es así, ya que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, sino que tiene que ser una que permita concluir la existencia de una controversia real y sustancial sobre hechos relevantes y pertinentes. Abrams Rivera v. E.L.A., 178 DPR 914, 932 (2010). No obstante, el no presentarse oposición a una moción de sentencia sumaria no impide que el tribunal falle en contra del promovente de esta ya que esta "puede dictarse a favor o en contra del promovente, según proceda en derecho.". Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 DPR 563, 575 (1997).

Así, al evaluar los méritos de una solicitud de sentencia sumaria un tribunal podrá dictar sentencia sumaria si de los documentos sometidos ante su consideración surge que no existe controversia real sustancial en cuanto a ningún hecho material y solo restaría por resolver una controversia estricta de derecho. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V R 36.3(e). Por el contrario, no procederá una moción de sentencia sumaria cuando (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. Cruz Velez v. CEE y otros; *supra.*

En cuanto a la revisión judicial de una determinación sobre sentencia sumaria, es meritorio señalar que los foros apelativos nos encontramos en la misma posición que el foro primario. Por ello, debemos regirnos por la Regla 36 de Procedimiento Civil y aplicar los criterios de esta. No obstante, no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI. Tampoco podemos adjudicar los hechos materiales en controversia, por ser una tarea que le compete al foro de instancia luego de celebrarse un juicio. Meléndez González et al. v. M. Cuebas, *supra,* pág. 118.

**-B-**

La Regla 9.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.1, es uno de los mecanismos disponibles para los tribunales para viabilizar la imposición de sanciones. Pagán Rodríguez v. Pres. Cáms. Legs., 206 DPR 277 (2021). En particular, la mencionada regla dispone lo siguiente:

> La firma del abogado o abogada, o de la parte equivale a certificar que está hábil y disponible para cumplir con los señalamientos y las órdenes del tribunal, que ha leído el escrito y que, de acuerdo con su mejor conocimiento, información y creencia, formada luego de una investigación razonable, dicho escrito está bien fundado en los hechos y respaldado por el derecho vigente, y que no se ha presentado con el propósito de causar una injusticia, dilación u opresión o de aumentar el costo del litigio.

Si un escrito se firma en violación de esta regla el tribunal, a moción de parte o a iniciativa propia, **impondrá a la persona quien lo firmó, a la parte representada o a ambas**, cualquier sanción conforme lo dispuesto en la Regla 9.3, o podrá incluir una orden para pagar a la otra parte o partes una suma razonable en concepto de gastos con motivo de la presentación del escrito, incluso una cantidad razonable para honorarios de abogado o abogada.

**Si se determina que un escrito se ha presentado con información falsa, simulada,** difamatoria o indecorosa, o se utiliza lenguaje ofensivo o soez, **el tribunal impondrá cualquier sanción conforme lo dispuesto en la Regla 9.3**. (Énfasis nuestro).

Nótese que la citada regla "[i]mpone a quien firme el deber afirmativo de realizar una investigación razonable sobre los hechos y el derecho aplicable antes de presentar el escrito" Pagán Rodríguez v. Pres. Cáms. Legs., *supra*. La Regla 9.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.3, establece por su parte lo siguiente:

El Tribunal, en el ejercicio de su poder inherente de supervisar la conducta de los abogados y abogadas que postulan ante sí, podrá, a iniciativa propia o a solicitud de parte, imponer sanciones económicas o de otra naturaleza o descalificar a un abogado o abogada que incurra en conducta que constituya un obstáculo para la sana administración de la justicia o infrinja sus deberes hacia el Tribunal, sus representados(as) o sus compañeros(as) abogados(as).

**-C-**

De otra parte, la concesión de costas a la parte cuyo favor se resuelva un pleito serán otorgadas conforme regula la Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V. R. 44.1. En nuestro acervo jurídico, las costas son "los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra". Regla 44.1(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(a). Dicho de otra forma, las reglas forenses civiles contemplan como costas aquellos gastos necesarios, incurridos y razonables.

La imposición de costas tiene una función reparadora. Su objetivo es resarcir a la parte victoriosa los gastos necesarios y razonables en los que se vio obligada a incurrir como consecuencia de la acción judicial. Maderas Tratadas v. Sun Alliance et al., 185 DPR 880, 924 (2012). Así, pues, no son

costas todos los gastos que ocasiona el procedimiento judicial, sino que se limita a aquellas expensas que el foro juzgador considere necesarias y razonables. Íd. Pág. 925. Como no todos los gastos son resarcibles, el concepto de costas es uno de carácter restrictivo. De hecho, las costas no son sinónimo de gastos procesales. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da. Ed., Publicaciones JTS, San Juan, PR, 2011, Toma IV, pág. 1272. Empero, cabe señalar que una vez solicitados conforme requiere la Regla 44.1, su imposición es mandatorio.

En lo específico, la Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, dispone:

(a) *Su concesión*. Las costas se concederán a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

(b) *Cómo se concederán*. La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, **dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia**, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará bajo juramento de parte o mediante una certificación del abogado o de la abogada, y consignará que, según el entender de la parte reclamante o de su abogado o abogada, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. Si no hubiese impugnación, el tribunal aprobará el memorándum de costas y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas. Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de certiorari. De haberse instado un recurso contra la sentencia, la revisión de la resolución sobre costas deberá consolidarse con dicho recurso.

(c) *En etapa apelativa*. La parte a cuyo favor un tribunal apelativo dicte sentencia presentará en la sala del Tribunal de Primera Instancia que decidió el caso inicialmente y notificará a la parte contraria, dentro del término jurisdiccional de diez (10) días contados a partir de la devolución del mandato y conforme a los criterios establecidos en el inciso (b) anterior, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se haya incurrido para la tramitación del recurso

en el Tribunal de Apelaciones y en el Tribunal Supremo, según corresponda. El memorándum de costas se presentará bajo juramento de parte o mediante certificación del abogado o de la abogada, y su impugnación se formulará y resolverá en la misma forma prescrita en la Regla 44.1(b). La resolución que emita el Tribunal de Primera Instancia podrá revisarse según se dispone en el inciso (b). La resolución que emita el Tribunal de Apelaciones podrá revisarse mediante certiorari ante el Tribunal Supremo. Cuando se revoque la sentencia del Tribunal de Primera Instancia, la parte a cuyo favor se dicte la sentencia presentará un memorándum de costas en conformidad con el procedimiento y el término establecido en este inciso e incluirá los gastos y desembolsos en que se haya incurrido tanto en el Tribunal de Apelaciones como en el Tribunal Supremo.

(d) *Honorarios de abogado*. En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o dependencias haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.

La antes citada regla, tiene como propósito "establecer una penalidad a un litigante perdidoso que, **por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos**, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". Andamios de P.R. v. Newport Bonding, 179 DPR 503, 520 (2010) y casos allí citados. (Énfasis suplido)

Ahora bien, el concepto de temeridad es uno amplio que ha sido descrito como un comportamiento que incide en los procesos judiciales y afecta, tanto el buen funcionamiento de los tribunales como la administración de la justicia. *Id*., citando a Meléndez Vega v. El Vocero de PR, 189 DPR 123, 129 (2013). Este precepto, también ha sido definido como "una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y administración de la justicia. También sujeta al litigante inocente a la ordalía del proceso judicial y lo expone a gastos innecesarios y a la contratación de servicios profesionales, incluyendo abogados, con el gravamen a veces exorbitante para su peculio. Fernández v. San Juan Cement Co., Inc., 118 DPR 713, 718 (1987), citando a H. Sánchez, *Rebelde Sin*

*Costas*, 4(2) Boletín Judicial 14 (1982). O sea, se entiende que un litigante actúa con temeridad o frivolidad cuando:

> "por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". <u>Andamios de P.R. v. Newport Bonding</u>, *supra.*

Igualmente, existe temeridad si el demandado contesta una demanda y niega su responsabilidad total, aunque la acepte posteriormente; si se defiende injustificadamente de la acción; si la parte demandada en efecto cree que la cantidad reclamada es exagerada y esa es la única razón que tiene para oponerse a las peticiones del demandante y no admite francamente su responsabilidad limitando la controversia a la fijación de la cuantía a ser concedida; si se arriesga a litigar un caso del que se desprendía prima facie la negligencia. Negar un hecho que le consta es cierto al que hace alegación, también constituye temeridad. <u>P.R. Oil v. Dayco</u>, 164 DPR 486, 511 (2005), citando a <u>Fernández v. San Juan Cement Co., Inc.</u>, *supra.*

La determinación de si se ha incurrido o no en temeridad es una tarea que recae en la discreción sana del tribunal sentenciador y solo se intervendrá con ella en casos en los que se desprenda el abuso de tal facultad. <u>S.L.G. Flores– Jiménez v. Colberg</u>, 173 DPR 843, 866 (2008).

**-III-**

La parte apelante señala en su recurso que el foro primario incidió al declarar *Ha Lugar* la *Solicitud de Sentencia Sumaria* y, en consecuencia, desestimar su *Demanda* e imponerle honorarios de abogados. Los apelados, por el contrario, al defender la decisión apelada negaron la aplicación de todo lo concerniente a la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, citado por el Colegio. En contrario, sostuvieron que la desestimación decretada respondió a la resolución sumaria de las controversias reguladas por la Regla 36 del mismo cuerpo reglamentario.

De igual manera, los apelados señalan que los argumentos levantados por el Colegio desvirtúan la realidad del caso con el fin de inducirnos a error en la apreciación de los acontecimientos del caso civil SJ2022CV04800.

Antes de atender los planteamientos sometidos por el Colegio, así como los apelados, debemos examinar si la moción de sentencia sumaria interpuesta por estos últimos, así como la oposición instada por el Colegio, cumplió con los requisitos de forma que exige la Regla 36.3 de Procedimiento Civil, *supra*. Realizado tal examen, concluimos que, en efecto, la parte apelada dio cumplimiento a los requisitos de forma establecidos por nuestras reglas. Alcanzamos tal conclusión al advertir que, en su solicitud de sentencia sumaria, dicha parte incluyó una relación concisa y enumerada de todos los hechos esenciales y pertinentes sobre los que alega no existe controversia sustancial. Similar conclusión alcanzamos sobre la oposición del apelante. Si bien encontramos que no cumplió con todos los requisitos específicos de forma del aludido estatuto, el contenido de su escrito permitía que el TPI a su discreción considerara sus argumentos. Esto así, debido a que en su escrito el Colegio hizo referencia a las alegaciones de los apelados y a aquella prueba documental que sostiene su alegación.

Dicho lo anterior, como consignamos, debemos ahora examinar si en la causa de epígrafe existe una controversia de hechos que impida la resolución del pleito. De ser así, debemos señalar qué hechos encontramos están en controversia. De lo contrario, nos corresponde revisar de *novo,* si el foro de instancia aplicó correctamente la norma jurídica pertinente a la controversia. Hemos cumplido con nuestra encomienda y, tras estudiar la *Solicitud de Sentencia Sumaria* sometida por los apelados, la oposición que a esta instara el Colegio, así como el resto de los documentos contenidos en el Apéndice del recurso, **resolvemos que en el presente caso no existen hechos materiales o sustanciales en controversia**.

Así mismo, en consideración al derecho aplicable consignado antes, resolvemos que la norma jurídica fue correctamente aplicada por el foro primario, por lo que encontramos que- contrario a lo argüido por el Colegio- la determinación de temeridad e imposición de honorarios de abogados por la cuantía de $10,000.00 establecida en la *Sentencia* dictada en el caso fue una correcta.

El Colegio, a los fines de demostrar que la determinación de temeridad fue una irrazonable, al discutir su segundo y tercer señalamiento de error arguye que no ofreció información falsa ni simulada sobre haber ganado el caso civil SJ2022CV04800, sino que ofreció su propia interpretación. Así, explica que manifestó ser la parte ganadora porque no tuvo que entregar documentos con información confidencial sobre el Colegio, meramente dar acceso a los apelados para inspeccionar los mismos.

Al evaluar el expediente en autos, no encontramos que lo afirmado por el apelante se sostenga frente al expediente judicial. Si bien es cierto que el Colegio únicamente tuvo que permitir la inspección de documentos confidenciales, no es menos cierto que ese hecho no le convierte en la parte prevaleciente del caso civil SJ2022CV04800. Al contrario, el expediente judicial de dicho caso es claro en cuanto a que los apelados fueron la parte prevaleciente en este. Particularmente, la *Orden* que se dictó en dicho caso con fecha del 1 de agosto de 2022.[13] En esta, al atender el memorando de Costas que el Colegio sometiera, el TPI resolvió: "No Ha Lugar. **La parte a cuyo favor se resolvió el pleito fue la demandante**. Nuestra Sentencia, muy claramente le ordenó la entrega de la auditoría forense solicitada. No procede el pago de las costas solicitadas a favor del Colegio de Peritos Electricistas de Puerto Rico." (Énfasis nuestro).

---

[13] Entrada 47 de SUMAC, caso civil SJ2022CV04800.

Ante este claro hecho, no podemos más que concluir que las alegaciones levantadas por el Colegio perseguían inducir a error al foro primario, como acertadamente concluyó en el pleito de epígrafe al dictar la sentencia apelada. Al final de cuentas, el lenguaje transcrito en el párrafo anterior respalda que la información de quién resultó prevalecer en el caso civil SJ2022CV04800 era conocida por todas las partes y sus representantes legales. No solo porque eran las mismas partes en distintos pleitos, sino puesto que los representantes legales de estas fueron y son los mismos en ambos casos.

En cuanto al cuarto error, el Colegio arguye que bajo la Regla 44.1 (d) de Procedimiento Civil, *supra*, no aplica el concepto de solidaridad de la obligación sobre imposición de honorarios de abogados. Es decir, que la regla aplica de forma disyuntiva entre la parte o el abogado y no de forma conjunta entre ambos, por lo que la determinación de solidaridad sobre los honorarios de abogado por temeridad es un error de derecho que justifica la revocación del dictamen apelado.  Tales argumentos no nos mueven a intervenir con la sentencia apelada.

Una lectura de la sentencia apelada nos permite notar que la imposición de honorarios de abogado por temeridad decretada en el pleito de epígrafe descansó en varios fundamentos en derecho. Así, observamos que el foro primario no meramente utilizó sus facultades inherentes bajo la Regla 44.1 (d) de Procedimiento Civil, *supra*, sino que también utilizó las Reglas 9.1 y 9.3 de Procedimiento Civil, *supra*, como vehículos facultativos para la imposición de sanciones.

Como cuestión umbral, debemos apuntar que la autoridad de los tribunales para imponer sanciones emana de la facultad inherente de este bajo el conjunto de Reglas de Procedimiento Civil. Estas, son claras en cuanto a qué conducta podrá conllevar la imposición de sanciones. Como arriba consignamos, los hechos claros del presente caso denotan que **tanto**

**el Colegio, como su representante legal** incurrieron en la conducta temeraria reseñada en la *Sentencia*. Asimismo, y como puede entenderse del propio lenguaje de las Reglas 9.1 y 9.3, en aquellos casos en los que se incurra en la conducta que estas señalan, el tribunal podrá imponer sanciones a la parte, su abogado o a ambos. Por ello, no encontramos que la determinación del TPI constituya un abuso de discreción de modo que nuestra intervención se justifique.

Por último, la parte apelante señala que el foro primario incidió al conceder las costas a favor de los apelados. Argumenta que tal determinación del TPI fue prematura por estar el caso en una etapa apelativa y, por lo tanto, no existir una parte prevaleciente. Entiende, el Colegio que lo que correspondía era esperar la determinación de este Honorable Tribunal de Apelaciones y luego decretar la procedencia de las costas. No tiene razón.

En el caso de marras, habiéndose desestimado la *Demanda* incoada, los apelados tenían derecho a reclamar las costas del litigio. Sin embargo, su concesión no procede automáticamente, teniéndose que reclamar conforme a los requerimientos dispuestos en la Regla 44.1 (b) de Procedimiento Civil, *supra*. Como hemos señalado, esta regla dispone de forma diáfana la necesidad de presentar un memorando de costas ante el TPI dentro del término en ella consignado. Surge del propio expediente que los apelados cumplieron con dicho requisito. El apelante no nos ha colocado en posición de revocar al foro primario.

En resumen, las alegaciones del apelante en esta etapa apelativa no nos mueven a intervenir con las determinaciones del foro primario. En atención a lo expresado, concluimos que no se cometieron los errores señalados.

**-IV-**

Por los fundamentos antes enunciados, **confirmamos** en su totalidad la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan el 6 de septiembre de 2023.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones